UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AOG Entertainment, Inc., <u>et al.</u>,[1] | : | Case No. 16-11090 (SMB) |
| | : | |
| Debtors. | : | Jointly Administered |

-------------------------------------------------------x

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## <u>AOG ENTERTAINMENT, INC. (CASE NO. 16-11090)</u>

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG. The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

### GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS OF AOG ENTERTAINMENT, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

***These notes (the "Global Notes") regarding the Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs," and together with the Schedules, the "Bankruptcy Schedules") comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of them.***

Management ("**Management**") of CORE Entertainment Inc. ("**CORE**" or the "**Company**") and its affiliated debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**")[1] have prepared unaudited Bankruptcy Schedules with the assistance of the Debtors' advisors pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The chapter 11 cases of the Debtors are jointly administered, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), dated April 28, 2016 [Docket No. 23]. Notwithstanding the joint administration of the Debtors' chapter 11 cases, each of the Debtors has filed its own Bankruptcy Schedules.

The corporate structure of the Debtors is complex. While Management has made every reasonable effort to ensure that the Debtors' Bankruptcy Schedules are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Bankruptcy Schedules. Moreover, because the Bankruptcy Schedules contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Bankruptcy Schedules are complete or accurate. Accordingly, the Debtors reserve their right to amend and/or supplement their Bankruptcy Schedules in all respects from time to time as may be necessary or appropriate, and they may do so as information comes available.

These Global Notes are incorporated by reference in, and comprise an integral part of, the Bankruptcy Schedules, and should be referred to and reviewed in connection with any review of the Bankruptcy Schedules. In the event that the Bankruptcy Schedules differ from the Global Notes, the Global Notes shall control.

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG. The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

## GENERAL NOTES

**Reservation of Rights**.  The Debtors reserve the right to amend the Bankruptcy Schedules in all respects as may be necessary or appropriate, including, but not limited to, the right to assert offsets or defenses to, or to dispute, any claim reflected on the Bankruptcy Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Furthermore, nothing contained in the Bankruptcy Schedules shall constitute a waiver of the Debtors' rights with respect to these chapter 11 cases and specifically with respect to any issues involving, the total amount of any party's secured claim, substantive consolidation, equitable subordination and/or causes of action, including causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.

**Basis of Presentation**.  Given the differences between the information requested in the Bankruptcy Schedules and the financial information utilized under accounting principles generally accepted in the United States of America ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Bankruptcy Schedules do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.  The Bankruptcy Schedules are a reflection of the assets and liabilities as recorded in the Debtors' books and records and, therefore, may not be an accurate reflection of all of the Debtors' potential liabilities.

Some of the Debtors' scheduled assets and liabilities are unliquidated or of unknown value at this time.  Accordingly, the Bankruptcy Schedules may not accurately reflect the aggregate amount of the Debtors' current assets and liabilities.

The preparation of the Bankruptcy Schedules required Management to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities and the reported amounts of expenses during the reporting period.  Actual results could differ from those estimates.  Without prior notice, the Debtors may amend their Bankruptcy Schedules as they deem necessary and appropriate to reflect material changes, if any, that arise during the pendency of their chapter 11 cases.

The Bankruptcy Schedules reflect the separate assets and liabilities of each individual Debtor, however, due to the consolidated nature of the Debtors' business operations, parties are encouraged to review each of the Bankruptcy Schedules for the Debtors as liabilities or assets of a particular Debtor, as such liabilities or assets may be combined with that of another Debtor.  In separating out information among the Debtors, Management and the Debtors' advisors were required to make certain assumptions about the ownership of assets and responsibility for liabilities of certain Debtors because many contractual rights and obligations are shared by more than one Debtor.

The Debtors have not included in the Bankruptcy Schedules future obligations under any operating leases.

Trade accounts receivable are presented in gross amounts, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities,

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

liquidated damages, setoff rights, or collateral held by the Debtors, unless otherwise stated. Likewise, accounts payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights, or collateral that has been posted on behalf of the counterparty.

**Date of Valuations**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, book values as of April 28, 2016 (the "**Petition Date**") are reflected on the Bankruptcy Schedules.  For this reason, amounts ultimately realized may vary from book value, and such variance may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Book Value**.  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's cost basis accounting books and records as of the Petition Date.  Therefore, unless otherwise noted, the Bankruptcy Schedules may not represent current market value and the effects of the chapter 11 cases.

The Debtors believe that certain of their assets, including but not limited to, intellectual property rights (principally, copyrights and trademarks), may have been significantly impaired by, among other things, the events leading up to, and the commencement of the Debtors' chapter 11 cases.

**Causes of Action and Litigation**.  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Bankruptcy Schedules.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such cause of action.

The inclusion of any litigation action in the Bankruptcy Schedules does not constitute an admission by the Debtors of liability, the validity of any such litigation action or the amount of any potential claim that may result from any claims with respect to any litigation action and the amount and treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

**Payment of Prepetition Claims Pursuant to Court Orders**.  The Bankruptcy Court has authorized the Debtors, among other matters, to (a) pay certain prepetition wages, salaries and other related obligations, (b) pay certain prepetition sales, use and other taxes and regulatory fees, (c) pay certain critical vendors, and (d) pay certain reimbursable claims in the ordinary course of business.  Where the Bankruptcy Schedules list wages, salaries and other related obligations and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date.  The Bankruptcy Schedules may not reflect payments made following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court.  The Debtors reserve all rights to update the Bankruptcy Schedules to reflect further payments made pursuant to the above referenced authorizations.

**Classification as Insider, Officer and/or Director**.  In the circumstances where the Bankruptcy Schedules require information regarding insiders and/or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions); and (b) employees that are, or were during the relevant period, officers (or persons in control of the Debtor).  Certain employees who may be considered "insiders" under the Bankruptcy Code may not be listed in the Bankruptcy Schedules in instances where such employees are not insiders of the particular Debtor for which the disclosure is required.  The listing of a party as an insider on the Bankruptcy Schedules is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved.  Further, certain employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of any of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.  In certain instances, only business addresses of current employees are included on the Bankruptcy Schedules.

**Specific Notes**.  These Global Notes are in addition to the specific notes set forth in the Bankruptcy Schedules of the individual Debtor entities.  The fact that the Debtors have prepared these Global Notes with respect to a particular Schedule or SOFA and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes to any or all of the Debtors' remaining Bankruptcy Schedules, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or attachment.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

### SPECIFIC NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES

For the avoidance of doubt, the Summary of Schedules is subject to, and should be read in conjunction with, these Global Notes. Nothing contained in the Summary of Schedules should be construed as an admission.

1. **Schedule A/B**

   a. **Part 1**. Unless otherwise noted, the amounts shown are based on closing account balances as of the Petition Date. The Debtors use a cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations. The cash management system is operated and maintained by the Debtors.

   The bank account balances listed in the Debtors' Schedule B are net of outstanding negotiables that have been issued by the Debtors but not yet cashed by the recipient of such negotiables as voided or adjusted as part of these chapter 11 cases (i.e., Schedule B reflects "book cash", not "bank cash").

   b. **Part 3**. The value of accounts receivable, security deposits, inventory and other personal property are as of the Petition Date.

   The Debtors record accounts receivable as contractual obligations occur. However, due to the nature of the Debtors' businesses, many contractual obligations are long-term in nature and the payment terms allow payments to be made in future periods and sometimes over several years. As such, the Debtors' accounts receivable balances contain significant amounts which will not be due until subsequent accounting periods and over a long period of time and in various currencies. The Debtors record these amounts at contract value and assess this value from time-to-time.

   The Debtors value accounts receivable net of allowances for bad debt or doubtful accounts on a consolidated basis. Due to the consolidated nature of the Debtors' record keeping, bad debt reserves are not typically recorded in each of the Debtors' books and records, and the Debtors are unable to determine with complete certainty what will actually be collected, and therefore, amounts ultimately realized will vary from the amounts reflected in the Bankruptcy Schedules and such variance may be material.

   c. **Part 4**. Each Debtor's Schedule A/B includes its ownership interest, if any, in any subsidiaries. The value of the subsidiary stock is listed as "unknown" because the Debtors (a) report their value on a consolidated basis and (b) did not undertake a historical analysis to assign values to the subsidiary stock.

   Each Debtor's Schedule A/B identifies such Debtor's direct ownership interests in any subsidiary, but does not list any subsidiary that such Debtor may own indirectly.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

d.   **Part 5**.  Due to the nature of the Debtors' businesses, the Debtors do not currently own any inventory.

e.   **Part 7**.  The Debtors do not have current appraisals or other valuations of their fixed assets.  Certain of the Debtors maintain consolidated financials, with office furniture, office fixtures, computer equipment and leasehold improvements recorded together.

For the Debtors' leased property located at 1071 Avenue of the Americas, New York, NY 10018, the office furniture, fixtures and equipment is owned by a non-Debtor entity, and therefore the Debtors have not listed any interest in such property.

For the Debtors' leased property located at 900 Third Avenue, New York, NY 10022, the Debtors have transferred the rights to the office furniture, fixtures and equipment located therein to their current sub-tenant for this property, and therefore the Debtors have not listed any interest in such property.

The Debtors may own additional items, with *de minimis* book value, that are not reflected in their Schedules.  The information listed in Part 7 reflects the information most readily available to the Debtors.  Summary lists of the Debtors' office equipment, furnishings and supplies, and the Debtors' machinery, fixtures, equipment and supplies used in their businesses, will be made available upon reasonable request in writing to the Debtors' bankruptcy counsel and are maintained by Kurtzman Carson Consultants LLC.

f.   **Part 9**.  The Debtors do not own any real property.  Leased property is listed in Part 9 and the value of the Debtors' interest in any real property is leasehold improvements.

g.   **Part 10**.  The Debtors have not assigned value to, or identified the expiration date for, all of the intellectual property to which they have rights.  The fair market value of such intellectual property is dependent on numerous variables and factors, including the Debtors' joint ownership of certain intellectual property rights, and likely differs significantly from its net book value.

The Debtors have included in Part 10, question 61, any interests in internet domain names and websites.  Such interests may be subject to joint ownership with non-Debtor entities, and as such, the Debtors are unable to ascertain the current value, if any, of such interests.

The information listed in Part 10 with respect to the Debtors' interests in intellectual property is based on that certain Perfection Certificate, dated as of March 2016.

h.   **Part 11**.  The Debtors have not included in Part 11, question 75 any claims that may arise as a result of expired management agreements that any of the Debtors have previously entered into.  The Debtors do not believe that any such

agreements are likely to give rise to any claims, and it would be overly burdensome and cost prohibitive for the Debtors to undertake a historical analysis to ascertain the value, if any, of any such claims.  With respect to certain audits of the Debtors' businesses, the Debtors have included in Part 11, question 75 the amounts that they ultimately expect to retain after such audits as offset by any subsequent fees or percentages paid as a result of such audits (i.e., the Debtors have scheduled the expected book value).

The Debtors routinely receive royalty payments resulting from ordinary course business transactions due to the nature of the Debtors' businesses.  The Debtors have included such royalty payments as receivables listed in Part 11, question 77.

2.   **Schedule D**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Bankruptcy Schedules shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D.

Holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment to the Debtors are not included on Schedule D.  Lessors, utility companies and other parties which may hold security deposits have also not been listed on Schedule D.

With respect to the claim of Santander Asset Finance Plc on Schedule D for Debtor Double Vision Film Limited, the Debtors included such claim out of an abundance of caution based on a charge held by the creditor over a cash deposit and account.  Nothing in these Global Notes or the Bankruptcy Schedules should be construed as a waiver of any of the Debtors' rights in connection therewith and all rights are specifically reserved.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

3. **Schedule E/F.**

   a. **Unsecured Claims**.  The claims listed on Schedule E/F arose or were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, such dates are not included for each such claim.

   b. **Unsecured Priority Claims.**  Claims listed on the Debtors' Schedule E are claims owing to various taxing authorities and to certain individuals employed by the Debtors to which the Debtors may potentially be liable.  However, with respect to those claims owed to taxing authorities, certain of such claims may be subject to on-going audits, and therefore, the Debtors have listed all such claims as contingent, pending final resolution of ongoing audits or other outstanding issues.  The Debtors reserve their right to dispute or challenge the amounts entitled to priority.

   The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

   Pursuant to an order of the Bankruptcy Court dated May 2, 2016, the Debtors are authorized to pay certain prepetition obligations for employee wages, salaries and other compensation, reimbursable employee expenses, employee benefits and employment taxes.  Therefore, certain claims held by the Debtors' employees as of May 2, 2016 are not listed on the Debtors' Schedule E.

   Pursuant to an order of the Bankruptcy Court dated May 2, 2016, the Debtors are authorized to pay certain prepetition obligations on account of sales, use, withholding, franchise and certain other taxes and licensing and regulatory fees in the ordinary course.  Therefore, related claims held by the Debtors' taxing and regulatory authorities as of May 2, 2016 have not been listed on the Debtors' Schedule E.

   c. **General Unsecured Claims**.  Schedule F does not include certain deferred charges, deferred liabilities, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

   The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for every claim listed on Schedule F.  Schedule F contains information regarding potential, pending, and closed litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

undetermined.  However, to the extent litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.

In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule F are intended only to be a summary.  Nothing in the Global Notes or the Bankruptcy Schedules shall be deemed to be a modification or interpretation of the terms of such agreements.  The claims of individual creditors for, among other things, goods, services or taxes are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor.  The Debtors reserve all of their rights respecting such credits or allowances.  The dollar amounts listed may be exclusive of contingent and unliquidated amounts.  The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements as contingent, unliquidated, and disputed claims to the extent not already listed on Schedule F.

The Debtors expressly incorporate by reference into Schedules F all parties to pending and potential litigation listed in the Debtors' Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

The Debtors have not included on Schedule F secured parties that may have an unsecured deficiency claim; such parties have been listed on Schedule D only.

Counterparties to the Debtors' executory contracts may be holders of contingent and unliquidated claims arising from (a) obligations under those executory contracts, and/or (b) rejection damages in the event those executory contracts are rejected.  Certain of these claims are not listed on Schedule F.

The amount of each unsecured nonpriority claim listed in Schedule F is as of the Petition Date and does not reflect accruals with respect to the amount of such claims.

For purposes of the Schedules, the Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable.  No claims have been scheduled for a Debtor that may have benefited directly or indirectly from a contractual relationship to which the Debtor was not a named party.  No claims or executory contracts have been scheduled where payments to third parties were made on a Debtor's behalf for administrative convenience or as a result of the Debtors' cash management system.

4. **Schedule G**.  Schedule G includes the Debtors' employment agreements with both the Debtors' executives and non-executive employees.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and
should be referred to and considered in connection with any review of them.*

rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are expressly preserved.

While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, including supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may also not be set forth on Schedule G.

Due to the nature of the Debtors' businesses, the Debtors have entered into numerous contracts governing royalty payments. In general, the Debtors do not believe that certain of such contracts or agreements governing royalty payments are executory, and therefore they have not been listed on Schedule G. However, the Debtors have scheduled contracts involving royalty payments in exchange for licenses governing the ongoing use of intellectual property rights. Many such contracts relating to royalties and other post-term obligations have an indeterminate end date and have been included by the Debtors out of an abundance of caution. Additionally, the Debtors have not listed any confidentiality agreements on Schedule G.

The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month, annual or at-will basis. Such contracts may not be included on Schedule G. However, each Debtor reserves the right to assert that such agreements constitute executory contracts.

5. **Schedule H**. With respect to Schedule H, Co-Debtors, in the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Bankruptcy Schedules, they have not

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

been set forth individually on Schedule H.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Thus, the Debtors reserve their right to amend the Schedules to the extent additional guarantees are identified.

With respect to Schedule H, each of the Debtors listed herein is a guarantor under that certain First Lien Term Loan Agreement (the "**FLTLA**"), dated as of December 9, 2011 and that Second Lien Term Loan Agreement (the "**SLTLA**"), dated as of December 9, 2011.  The entities included in Schedule H include the following guarantors under the Debtors' FLTLA and SLTLA who have not filed chapter 11 petitions:  Sharp Entertainment Holdings, LLC, Sharp Entertainment, LLC, Sharp Digital, LLC and BP Production Services, LLC.

## SPECIFIC NOTES REGARDING THE DEBTORS' STATEMENTS OF FINANCIAL AFFAIRS

1.  **SOFA 1.**  The revenue amounts shown in response to this question reflect net revenues as reported on the Debtors' books and records.  Because the Debtors prepare consolidated financial statements, when the Debtors have contractual rights that are shared between Debtors, revenues are typically recorded at one debtor entity and allocated between Debtors as an intercompany adjustment when necessary for external tax or statutory reporting purposes.  For the purposes of the Bankruptcy Schedules, the Debtors have attributed the consolidated revenue for CORE to each subsidiary to the extent such attribution was made in the Debtors' financial records.

2.  **SOFA 3**.  In the interests of protecting individuals' privacy, payments made to non-insider employees on account of wages, salaries, or commissions have not been listed in response to SOFA 3.  Similarly, payments made to the Debtors' payroll administrator, TriNet Group, Inc., and employee benefit plans have been listed in response to SOFA 3 as lump sums, and details of such will be made available upon reasonable request in writing to the Debtors' bankruptcy counsel, subject to entry into reasonable confidentiality provisions.  In addition, to the extent the Debtors withhold amounts from their employees on account of benefit contributions and remit such funds to third parties, such transactions have not been listed in response to SOFA 3.  Further, in response to SOFA 3, the Debtors have not included bank fees, wire fees and other miscellaneous charges that are deducted in the ordinary course of business by the Debtors' banks.  Transfers of funds made between bank accounts of the same Debtor have also not been included in response to SOFA 3.  Intercompany transfers are not included in response to SOFA 3, but are instead listed in SOFA 13.

Except as provided herein, with respect to SOFA 3, the Debtors have scheduled known payments to creditors aggregating more than $6,425 that were made during the ninety (90) days prior to the Petition Date.  Payments to insiders are listed as required in SOFA 4 and/or SOFA 30.

3.  **SOFA 4.**  With respect to SOFA 4, the listing of any person or entity is not intended to be nor shall it be construed as a legal characterization of such party as an "insider" as defined in section 101(31) of the Bankruptcy Code, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are hereby reserved.  For more

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

information regarding each Debtor's officers and directors, see SOFA 28 and SOFA 29. The payroll related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments constitute gross amounts and do not include certain reductions, including employee tax or benefit withholdings. Amounts shown in response to this question for any travel and business-related expense reimbursements include expenses reimbursed directly to the applicable insider. The amounts listed in SOFA 4 reflect the Debtors' disbursements netted against any check level detail. Thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed.

4. **SOFA 7**. With respect to SOFA 7, the Debtors have made reasonable efforts to accurately record all suits and administrative proceedings to which a Debtor is or was party to within the one (1) year immediately preceding the Petition Date. Certain litigation against a particular Debtor may relate to any of the other Debtors. The actions described in SOFA 7 are the responsive proceedings or pending proceedings of which the Debtors are actually aware.

5. **SOFA 11**. Payments related to professional services rendered to the Debtors in connection with the commencement of their chapter 11 cases have been made on a consolidated basis and appear only in response to SOFA 11 for Debtor CORE Media Group Inc., even though such services were provided for the benefit of all the Debtors.

6. **SOFA 20**. With respect to SOFA 20, the Debtors have only included facilities utilized by Debtors 19 Entertainment Inc. and CORE Media Group Inc., which are the only Debtors that are contract parties with respect to the listed facilities. Due to the consolidated nature of the Debtors' businesses, multiple Debtors may utilize these facilities, but the facilities have not been listed for such Debtors for the purposes of SOFA 20.

7. **SOFA 25**. With respect to SOFA 25, each Debtor has identified all businesses in which it has a direct ownership interest in more than 5% of the voting or equity securities. Indirect ownership interests, if any, are not listed.

8. **SOFA 26**. With respect to SOFA 26, audits of the Debtors' books of account and records are performed, and the Debtors financial statements are prepared, on a consolidated basis. Accordingly, the Debtors have identified those parties that audited the Debtors' books of account and records or prepared the Debtors' financial statements only in response to SOFA 26 of Debtors CORE Entertainment Inc., 19 Entertainment Limited, CORE MG UK Holdings Limited, CORE Group Production Limited, CORE Entertainment UK Limited, and Brilliant 19 Limited.

9. **SOFA 30**. Certain payroll-related payments include amounts that were paid to "insiders" as defined in section 101(31) of the Bankruptcy Code and thus can be found in SOFA 4.

10. **SOFA 31**. With respect to SOFA 31, the Debtors have provided the name and federal taxpayer-identification number of the parent corporation of the consolidated group for tax purposes.

The Debtors, their Management, agents, officers, directors, employees, representatives, attorneys and financial advisors do not guarantee or warrant as to the accuracy and/or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors, their Management, officers, directors, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors, officers, directors, employees, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors, officers, directors, employees, agents, attorneys and financial advisors are advised of the possibility of such damages.

***END OF GLOBAL NOTES***
***BANKRUPTCY SCHEDULES BEGIN ON THE FOLLOWING PAGE***

**Fill in this information to identify the case:**

Debtor Name: In re : AOG Entertainment, Inc.

United States Bankruptcy Court for the: Southern District Of New York

Case number (if known): 16-11090 (SMB)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1:    Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**

   Copy line 88 from *Schedule A/B* ................................................................................... | $ 0.00

   1b. **Total personal property:**

   Copy line 91A from *Schedule A/B* ................................................................................... | $ 1,142,220.76

   1c. **Total of all property:**

   Copy line 92 from *Schedule A/B* ................................................................................... | $ 1,142,220.76

## Part 2:    Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ..................................... | $ 398,000,000.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ................................................................ | $ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ................................................ | + $ 18,252,756.11

4. **Total liabilities**

   Lines 2 + 3a + 3b ................................................................................................................... | $ 416,252,756.11

**Fill in this information to identify the case:**

Debtor Name: In re : AOG Entertainment, Inc.

United States Bankruptcy Court for the: Southern District Of New York

Case number (if known): 16-11090 (SMB)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property
12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G:** *Executory Contracts and Unexpired Leases* **(Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**  **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.

   ☑ Yes. Fill in the information below.

   | All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
   | --- | --- |

2. **Cash on hand**

   2.1 None                                                                    $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   | --- | --- | --- | --- |
   | 3.1 City National Bank | Checking | 3492 | $ 17,346.47 |

4. **Other cash equivalents** *(Identify all)*

   4.1 None                                                                    $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.        | $ 17,346.47 |

Debtor: AOG Entertainment, Inc.
_____
Name

Case number *(if known)*  16-11090
_____

## Part 2:    Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7.  **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

_____    $ _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

_____    $ _____

9.  **Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.    $ 0.00

Debtor: AOG Entertainment, Inc.
_____
Name

Case number *(if known)* _16-11090_

---

**Part 3:**    **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

11. **Accounts receivable**

| | | Description | face amount | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | | $ | $ | =..... ➜ | $ |
| 11b. | Over 90 days old: | | $ | $ | =..... ➜ | $ |

12. **Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ 0.00

Debtor: AOG Entertainment, Inc.
Name

Case number (if known): 16-11090

---

## Part 4:    Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

_____    _____    $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:    % of ownership:

_____    _____ %    _____    $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

_____    _____    $ _____

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$ 0.00

Debtor: AOG Entertainment, Inc.
_____
Name

Case number *(if known)*: 16-11090
_____

| Part 5: | Inventory, excluding agriculture assets |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Description_____ Book value $_____ Valuation method_____ Current value $_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: AOG Entertainment, Inc.
Name

Case number *(if known)*: 16-11090

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
- ☑ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ _____ | _____ | $ _____ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ _____ | | $ _____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ _____ | | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ _____ | | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ _____ | | $ _____ |
| 33. **Total of Part 6** Add lines 28 through 32. Copy the total to line 85. | | | $ 0.00 |

34. **Is the debtor a member of an agricultural cooperative?**
- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Description_____ Book value $_____ Valuation method_____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☐ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor: AOG Entertainment, Inc.
Name

Case number *(if known)*: 16-11090

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: AOG Entertainment, Inc.
_____
Name

Case number *(if known)*: 16-11090

## Part 8:    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| _____ | $ _____ | _____ | $ _____ |
| 49. **Aircraft and accessories** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

    $ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: AOG Entertainment, Inc.
_____
Name

Case number (if known): 16-11090
_____

---

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

   ☒ No. Go to Part 10.

   ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

   | $ 0.00 |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

   ☐ No

   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

Debtor: AOG Entertainment, Inc.
_____
Name

Case number *(if known)*: 16-11090

---

| **Part 10:** | **Intangibles and intellectual property** |

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☐ No. Go to Part 11.
- ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 None | $ | | $ |
| 61. **Internet domain names and websites** | | | |
| 61.1 None | $ | | $ |
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1 See Schedule A/B 62 Attachment | $ Unknown | | $ Unknown |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 None | $ | | $ |
| 64. **Other intangibles, or intellectual property** | | | |
| 64.1 None | $ | | $ |
| 65. **Goodwill** | | | |
| 65.1 None | $ | | $ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

$ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
- ☑ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☑ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

Debtor: AOG Entertainment, Inc.
Name

Case number (if known): 16-11090

---

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | Current value of debtor's interest |

71. **Notes receivable**

Description (include name of obligor)           Total face amount        doubtful or uncollectible accounts

71.1  None        $ _____  -  $ _____  =  ➔  $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1  None        Tax year _____        $ _____

73. **Interests in insurance policies or annuities**

73.1  None        $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1  None        $ _____

  **Nature of claim**        _____

  **Amount requested**        $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1  None        $ _____

  **Nature of claim**        _____

  **Amount requested**        $ _____

76. **Trusts, equitable or future interests in property**

76.1  None        $ _____

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

77.1  See Schedule A/B 77 Attachment        $  1,124,874.29

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.        $  1,124,874.29

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

Debtor: AOG Entertainment, Inc.

Name

Case number *(if known)*: 16-11090

---

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 17,346.47 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.................................................................. | ......................... ➔ | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 1,124,874.29 | |
| 91. **Total.** Add lines 80 through 90 for each column. ............................91a. | $ 1,142,220.76   + 91b. | $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................................................ | | $ 1,142,220.76 |

**Fill in this information to identify the case:**

Debtor Name: In re : AOG Entertainment, Inc.

United States Bankruptcy Court for the: Southern District Of New York

Case number (if known): 16-11090 (SMB)

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

2.1 **Creditor's name**

See Schedule D Part 1 Attachment

Creditor's Name

$ 398,000,000.00        $ _____

**Creditor's mailing address**

Notice Name

**Describe debtor's property that is subject to a lien**

Street

**Describe the lien**

City        State        ZIP Code

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

Country

**Creditor's email address, if known**

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Date debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Have you already specified the relative priority?

  - ☐ No. Specify each creditor, including this creditor, and its relative priority.

  - ☐ Yes. The relative priority of creditors is specified on lines

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ 398,000,000.00

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

Name

Notice Name

Street

City          State          ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : AOG Entertainment, Inc.

United States Bankruptcy Court for the: Southern District Of New York

Case number (if known): 16-11090 (SMB)

☐ Check if this is an
amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                            12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☑ No. Go to Part 2.

   ☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $ _____ | $ _____ |

Creditor Name

Creditor's Notice name

☐ Contingent
☐ Unliquidated
☐ Disputed

Address

**Basis for the claim:**

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ()**

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1 **Nonpriority creditor's name and mailing address**

See Schedule E/F, Part 2 Attachment - Intercompany Claims

Creditor Name

Creditor's Notice name

Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** $ 18,236,935.95
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No
☐ Yes

3.2 **Nonpriority creditor's name and mailing address**

See Schedule E/F, Part 2 Attachment - Trade and Other Claims

Creditor Name

Creditor's Notice name

Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** $ 15,820.16
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No
☐ Yes

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 _____<br>Name<br>See Schedule E/F, Part 3 Attachment<br>Notice Name<br><br>Street<br><br><br>City        State        ZIP Code<br><br>Country | Line _____<br>☐   Not Listed.Explain | _____ |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. + | $ 18,252,756.11 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 18,252,756.11 |

**Fill in this information to identify the case:**

Debtor Name: In re : AOG Entertainment, Inc.

United States Bankruptcy Court for the: Southern District Of New York

Case number (if known): 16-11090 (SMB)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. **List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1 **State what the contract or lease is for and the nature of the debtor's interest** | See Schedule G Attachment <br><br> Name |
| | Notice Name |
| **State the term remaining** | Address |
| **List the contract number of any government contract** | |
| | |
| | City          State          ZIP Code |
| | Country |

| Fill in this information to identify the case: |
|---|
| Debtor Name: In re : AOG Entertainment, Inc. |
| United States Bankruptcy Court for the: Southern District Of New York |
| Case number (if known): 16-11090 (SMB) |

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                                          12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | Name | Mailing address | Name | *Check all schedules that apply:* |
| 2.1 | | See Schedule H Attachment | | ☐ D |
| | | Street | | |
| | | | | ☐ E/F |
| | | | | |
| | | | | ☐ G |
| | | City          State          ZIP Code | | |
| | | Country | | |

**Fill in this information to identify the case:**

Debtor Name: In re : AOG Entertainment, Inc.

United States Bankruptcy Court for the: Southern District Of New York

Case number (if known): 16-11090 (SMB)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☑ *Schedule H: Codebtors* (Official Form 206H)

- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/22/2016  
_____  
MM / DD / YYYY

✖ / s / Scott Frosch  
_____  
Signature of individual signing on behalf of debtor

Scott Frosch  
_____  
Printed name

Chief Financial Officer and Treasurer  
_____  
Position or relationship to debtor

**In re: AOG Entertainment, Inc.**

**Case No. 16-11090**

Schedule A/B 62

Licenses, franchises, and royalties

| Description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 3rd Party Intellectual Property Licenses (Clearances, clip licenses, music licenses) | Unknown | N/A | Unknown |
| Copyrights and Trademarks (Copyrights and trademarks used in screenplays, motion pictures, television shows, digital productions and music) | Unknown | N/A | Unknown |
| Exploitation/Network Licenses (Licenses of formats, ideas, television shows, and music for domestic, international and digital exploitation) | Unknown | N/A | Unknown |
| General Corporate Licenses (Licenses from vendors providing goods and services related to software, IT, and other general corporate licenses) | Unknown | N/A | Unknown |
| Location Agreements (Agreements for filming and touring) | Unknown | N/A | Unknown |
| Talent, Personnel and Vendor Agreements (Agreements with individuals and entities providing goods and services in connection with the development, production, and exploitation of films, television shows, digital productions, music touring and name, image and likeness rights) | Unknown | N/A | Unknown |
| Total: | **Unknown** | **N/A** | **Unknown** |

**In re: AOG Entertainment, Inc.**

**Case No. 16-11090**

Schedule A/B 77

Other property of any kind not already listed

| Other property of any kind not already listed | Current value of debtor's interest |
|---|---|
| Intercompany Receivable from 19 Management Limited | $12,977.48 |
| Intercompany Receivable from Core Entertainment Inc. | $569,597.98 |
| Intercompany Receivable from Core Media Group Productions Inc. | $542,298.83 |
| **Total:** | **$1,124,874.29** |

In re: AOG Entertainment, Inc.
Case No. 16-11090
Schedule D, Part 1
Creditors Who Have Claims Secured by Property

| Line | Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | City | State | Zip | Date incurred | Multiple creditors (Y/N) | If multiple creditors, specify each creditor, including this creditor, and its relative priority. | Describe debtor's property that is subject to a lien | Describe the lien | Insider/ related party (Y/N) | Codebtor (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim Do not deduct the value of collateral. | Value of collateral that supports this claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | U.S. Bank National Association, as administrative agent for the First Lien Term Loan Agreement | Attn: John W. Weiss | Alston & Bird LLP | 90 Park Ave | New York | NY | 10016 | 12/9/2011 | Y | | Underlying Lienholders | Substantially all of the Debtors' assets (to the extent set forth in the governing agreements) | First Lien Term Loan Agreement | N | Y | | | X | $209,000,000.00 | Unknown |
| 2.2 | U.S. Bank National Association, as administrative agent for the Second Lien Term Loan Agreement | Attn: John W. Weiss | Alston & Bird LLP | 90 Park Ave | New York | NY | 10016 | 12/9/2011 | Y | | Underlying Lienholders | Substantially all of the Debtors' assets (to the extent set forth in the governing agreements) | Second Lien Term Loan Agreement | N | Y | | | X | $189,000,000.00 | Unknown |
| | | | | | | | | | | | | | | | | | Total: | $398,000,000.00 | |

**In re: AOG Entertainment, Inc.**

**Case No. 16-11090**

Schedule E/F, Part 2 - Intercompany Claims

Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Address 1 | City | State | Zip | Date incurred | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 3.1 | 19 Entertainment Inc | 8560 W Sunset Blvd, 8th Fl | West Hollywood | CA | 90069 | Various | Intercompany | | x | x | x | $1,678,410.96 |
| 3.2 | Core Media Group Inc | 8560 W Sunset Blvd, 8th Fl | West Hollywood | CA | 90069 | Various | Intercompany | | x | x | x | $13,626,941.76 |
| 3.3 | Focus Entertainment Inc | 8560 W Sunset Blvd, 8th Fl | West Hollywood | CA | 90069 | Various | Intercompany | | x | x | x | $2,931,583.23 |
| | | | | | | | | | | | Total: | $18,236,935.95 |

**In re: AOG Entertainment, Inc.**
**Case No. 16-11090**
Schedule E/F, Part 2 - Trade Claims
Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Date incurred | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.1 | Brezner, Lawrence Estate | | PO Box 15006 | | | Beverly Hills | CA | 90210 | | Various | Royalties | | | | | $7,910.08 |
| 3.2 | Brezner, Lawrence Estate | | PO Box 15006 | | | Beverly Hills | CA | 90210 | | Various | Royalty Contract | | x | x | | Unknown |
| 3.3 | Joffee, Charles | Charles Joffee Marital Trust | 1751 Sunset Avenue | | | Santa Monica | CA | 90405 | | Various | Services | | x | x | x | Unknown |
| 3.4 | Morra, Buddy | | 1627 San Ysidro Drive | | | Beverly Hills | CA | 90210 | | Various | Services | | x | x | x | Unknown |
| 3.5 | Rollins, Jack | c/o Joel Faden, CPA | 250 West 57th Street | 26th Floor Penthouse | | New York | NY | 10107 | | Various | Services | | x | x | x | Unknown |
| 3.6 | Steinberg, David | | PO Box 15006 | | | Beverly Hills | CA | 90210 | | Various | Royalties | | | | | $7,910.08 |
| 3.7 | Steinberg, David | | PO Box 15006 | | | Beverly Hills | CA | 90210 | | Various | Royalty Contract | | x | x | | Unknown |
| | | | | | | | | | | | | | | | Total: | $15,820.16 |

**In re: AOG Entertainment, Inc.**

**Case No. 16-11090**

Schedule E/F, Part 3

Notice Parties to Creditors Who Have Unsecured Claims

| Line | Name | Notice Name | Address 1 | Address 2 | City | State | Zip | Country | On which line in Part 1 or Part 2 is the related creditor (if any) listed?  If not listed, explain |
|------|------|-------------|-----------|-----------|------|-------|-----|---------|---------|
| 4.1 | Brezner, Lawrence Estate | c/o deBlois, Mejia & Kaplan, LLP | Attn Mark Kaplan | 9171 Wilshire Blvd, #300 | Beverly Hills | CA | 90210 | | 3.1, 3.2 |
| 4.2 | Steinberg, David | c/o deBlois, Mejia & Kaplan, LLP | Attn Mark Kaplan | 9171 Wilshire Blvd, #300 | Beverly Hills | CA | 90210 | | 3.6, 3.7 |

In re: AOG Entertainment, Inc.

Case No. 16-11090

Schedule G

Executory Contracts and Unexpired Leases

| Line | Name of other parties with whom the debtor has an executory contract or unexpired lease | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | State what the contract or lease is for and the nature of the debtor's interest |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Bottom Line Records LLC | | 16133 Ventura Blvd | | | Van Nuys | CA | 91436 | | Master Use License - Uncle Dave's Boondoggle, 30th Anniversary dated as of September 15, 2004 |
| 2.2 | Buddy Morra | | Address Redacted | | | | | | | Employment Agreement, dated as of January 1, 1994 |
| 2.3 | BZ Clarity/Broadway Sub LLC | | 156 W. 56th St | Ste 1204 | | New York | NY | 10019 | | Agreement dated as of March 30, 2007 - A Fish Called Wanda |
| 2.4 | BZ Clarity/Broadway Sub LLC | | 156 W. 56th St | Ste 1204 | | New York | NY | 10019 | | Underlying Rights Agreement - A Fish Called Wanda, dated as of March 30, 2007 |
| 2.5 | Charles Joffee | Charles Joffee Marital Trust | 1751 Sunset Ave | | | Santa Monica | CA | 90405 | | Separation Agreement, dated as of December 3, 1986 |
| 2.6 | David Steinberg | c/o Mark Kaplan | deBlois, Mejia & Kaplan, LLP | 9171 Wilshire Blvd., #300 | | Beverly Hills | CA | 90210 | | Confidential Separation Agreement and Mutual Release |
| 2.7 | Estate of Lawrence Brezner | c/o Mark Kaplan | deBlois, Mejia & Kaplan, LLP | 9171 Wilshire Blvd., #300 | | Beverly Hills | CA | 90210 | | Confidential Separation Agreement and Mutual Release |
| 2.8 | Goldman Sachs Bank USA | Attn: SBD Operations | c/o Goldman, Sachs & Co. | 30 Hudson St, 38th Floor | | Jersey City | NJ | 07302 | | Successor Agent Agreement (First Lien) |
| 2.9 | Goldman Sachs Bank USA | Attn: SBD Operations | c/o Goldman, Sachs & Co. | 30 Hudson St, 38th Floor | | Jersey City | NJ | 07302 | | Successor Agent Agreement (Second Lien) |
| 2.10 | Home Box Office, Inc. | | 1100 Ave of the Americas | | | New York | NY | 10036 | | Memorandum of Agreement dated as of May 21, 2007 - Little America |
| 2.11 | Jack Rollins | Estate of Jack Rollins | c/o Joel Faden, CPA | 250 West 57th St | 26th Floor Penthouse | New York | NY | 10107 | | Separation Agreement, dated as of March, 1990 |
| 2.12 | Metro Goldwyn Mayer Studios Inc. | | 10250 Constellation Blvd | | | Los Angeles | CA | 90067 | | Agreement dated as of March 30, 2007 - A Fish Called Wanda |
| 2.13 | Metro Goldwyn Mayer Studios Inc. | | 10250 Constellation Blvd | | | Los Angeles | CA | 90067 | | Underlying Rights Agreement - A Fish Called Wanda, dated as of March 30, 2007 |
| 2.14 | Pace Theatrical Group | c/o Live Nation | 220 W. 42nd St | 13th Floor | | New York | NY | 10036 | | Termination Agreement re: First Look Deal dated as of April 19, 2006 |
| 2.15 | Paramount Pictures Corporation | Attn Legal Department | 5555 Melrose Ave | | | Los Angeles | CA | 90038 | | Memorandum of Agreement dated as of May 10, 1985 - Good Morning Vietnmam f/s/o Joffee and Brezner |
| 2.16 | Rhino Entertainment Company | | 3400 West Olive Ave | | | Burbank | CA | 91505 | | Amendment to the JV Agreement - Uncle Dave's Boondoggle Video Clips dated as of November 3, 2005 |
| 2.17 | Stephen Tenenbaum | | Address Redacted | | | | | | | Confidential Separation Agreement and Mutual Release |
| 2.18 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | First Lien Copyright Security Agreement |
| 2.19 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | First Lien Trademark Security Agreement |
| 2.20 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Master Guarantee Agreement (First Lien Term Loan) |
| 2.21 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Master Guarantee Agreement (Second Lien Term Loan) |
| 2.22 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Second Lien Copyright Security Agreement |
| 2.23 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Second Lien Trademark Security Agreement |
| 2.24 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Successor Agent Agreement (First Lien) |
| 2.25 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Successor Agent Agreement (Second Lien) |
| 2.26 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | U.S. Collateral Agreement (First Lien Term Loan) |
| 2.27 | U.S Bank National Association as Administrative Agent and the Lenders thereto | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | U.S. Collateral Agreement (Second Lien Term Loan) |

In re: AOG Entertainment, Inc.
Case No. 16-11090
Schedule G
Executory Contracts and Unexpired Leases

| Line | Name of other parties with whom the debtor has an executory contract or unexpired lease | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | State what the contract or lease is for and the nature of the debtor's interest |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.28 | U.S Bank National Association as Collateral Agent | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Pari Passu First Lien Intercreditor Agreement |
| 2.29 | U.S Bank National Association as Collateral Agent | Attn: James Hanley | c/o U.S. Bank Corporate Trust Services | 214 North Tryon St, 26th Floor | | Charlotte | NC | 28202 | | Second Lien Intercreditor Agreement |
| 2.30 | Walt Disney Pictures | | 500 South Buena Vista St | | | Burbank | CA | 91521 | | Production Agreement f/s/o Joffe and Brezner dated as of November 18, 1986 - Good Morning Vietnam |
| 2.31 | Warner Bros. Pictures | | 4000 Warner Blvd. | | | Burbank | CA | 91522 | | Assignment Agreement dated as of January 23, 2009 - Arthur |
| 2.32 | Warner Bros. Pictures | | 4000 Warner Blvd. | | | Burbank | CA | 91522 | | Option Purchase Agreement dated as of November 14, 1986 - Arthur |
| 2.33 | Warner Strategic Marketing, Inc. | | 3400 West Olive Ave | | | Burbank | CA | 91505 | | JV Agreement - Uncle Dave's Boondoggle Video Clips dated as of June 30, 2004 |

In re: AOG Entertainment, Inc.

**Case No. 16-11090**

Schedule H

Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| 19 Entertainment Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Entertainment Worldwide LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Entertainment, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Management Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Merchandising Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Productions Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Publishing Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Recording Services, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Recordings Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Recordings, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Touring Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 Touring LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 19 TV Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| 7th Floor Productions, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| All Girl Productions | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Alta Loma Entertainment, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| AOG Entertainment, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| BP Production Services, LLC | 1071 Avenue of the Americas, 7th Fl | New York | NY | 10018 | U.S. Bank National Association, as administrative agent | X | | |
| Brilliant 19 Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Clown Car Productions, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE Entertainment Cayman Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE Entertainment Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE Entertainment Offeror, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE Entertainment UK Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE G.O.A.T. Holding Corp. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE Group Productions Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE Media Group Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE Media Group Productions Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CORE MG UK Holdings Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| CTA Productions, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Dance Nation Productions Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Double Vision Film Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| EPE Holding Corporation | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Focus Enterprises, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Fresh Start Productions, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Gilded Entertainment, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| IICD LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| J2K Productions, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Magma Productions, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Masters of Dance Productions Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Native Management Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Native Songs Limited | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| On the Road Productions | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Pioneer Production Services LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Sharp Digital, LLC | 1071 Avenue of the Americas, 7th Fl | New York | NY | 10018 | U.S. Bank National Association, as administrative agent | X | | |

**In re: AOG Entertainment, Inc.**

**Case No. 16-11090**

Schedule H

Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| Sharp Entertainment Holdings, LLC | 1071 Avenue of the Americas, 7th Fl | New York | NY | 10018 | U.S. Bank National Association, as administrative agent | X | | |
| Sharp Entertainment, LLC | 1071 Avenue of the Americas, 7th Fl | New York | NY | 10018 | U.S. Bank National Association, as administrative agent | X | | |
| Sonic Transformation, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Southside Productions Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| Sunset View Productions, LLC | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| SYTYCD DVD Productions Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |
| This Land Productions, Inc. | 8560 West Sunset Blvd, 9th Floor | West Hollywood | CA | 90069 | U.S. Bank National Association, as administrative agent | X | | |