Hearing Date: June 28, 2016 at 10:00 a.m. (Eastern time)
Objection Deadline: June 21, 2016 at 4:00 p.m. (Eastern time)

DENTONS US LLP
Carole Neville
James Copeland
1221 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 768-6700
Facsimile:    (212) 768-6800
Email: carole.neville@dentons.com
Email: james.copeland@dentons.com

*Counsel for Santander Asset Finance PLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| AOG Entertainment, Inc., *et al.* | Case No. 16-11090 (SMB) |
| Debtors. | (Jointly Administered) |

**MOTION FOR LEAVE TO HAVE ITS LIMITED OBJECTION OF SANTANDER ASSET FINANCE PLC TO DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c), 364(d), 364(e) AND 507 AND FED. R. BANKR. P. 2002, 4001 AND 9014: (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING; (II) AUTHORIZING DEBTORS TO CONTINUE TO USE CASH AND/OR CASH COLLATERAL; (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES; AND (IV) GRANTING RELATED RELIEF [*DOC. #67*] FILED AFTER  OBJECTION DEADLINE HEARD ON JUNE 28, 2016**

Santander Asset Finance PLC ("SAF"), by and through its undersigned counsel, hereby files this motion to have its limited objection ("**Objection**") to the Debtors' Motion for an Order under 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c), 364(d), 364(e) and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014: (I) Authorizing Debtors to Obtain Postpetition Financing [the "**DIP Loan**"]; (II) Authorizing Debtors to Continue to Use Cash and/or Cash Collateral; (III) Granting

Adequate Protection to Prepetition Secured Parties; and (IV) Granting Related Relief [Doc. #67] (the "**DIP Motion**") after the objection deadline, and states as follows:

## SUMMARY OF THE RELIEF REQUESTED

1. SAF seeks permission to have its limited objection to DIP Motion filed after the objection deadline heard on June 28, 2016 on the grounds that (a) SAF was not listed on the mailing matrix and has not received any formal notice of the filing or notice of any motion or hearing in the chapter 11 cases, (b) SAF only recently hired counsel to respond to matters relating to payment to SAF from a blocked account set up for its benefit, and (c) SAF did not receive verification that the lenders, which have no interest in the blocked account, were agreeable to carving the account from the DIP Loan while the ownership interest is being resolved[1]. As a result, SAF was not aware of the deadline and then, as of June 24, 2016 was unsuccessful in resolving its issues with respect to the DIP Loan without resort to the Court.

2. Accordingly, SAF seeks permission to have its limited objection, a copy of which has been filed simultaneously herewith, heard on June 28, 2016 at the hearing on the DIP Motion.

3. SAF's objection relates to a bank account (the "Santander Account") held in the name of Double Vision Ltd ("Double Vision") in Santander Bank. As a result of a complex transaction in 2003, SAF was granted complete control over disbursements from the Santander Account, which was funded by a third party as security for and payment of obligations to SAF. The charge on the Santander Account for SAF's benefit, among other things, prohibits Double Vision from granting a lien on the proceeds in the account to any other party.

---

[1] The Debtors and one lender group had no objection to the reservation of rights in the final order.

**FACTUAL BACKGROUND**

4.      On April 28, 2016 (the "Petition Date"), AOG Entertainment, Inc. ("AOG") and approximately 50 purportedly affiliated entities, including Double Vision, filed chapter 11 petitions with this Court.  According to the organizational chart attached to the Declaration of Peter Hurwitz filed in Support of the Chapter 11 Petitions and First Day Pleadings [ECF #3], Double Vision is at the far end of the UK family chain; it is a direct subsidiary of 19 Productions Ltd, and an indirect subsidiary of 19 Entertainment Ltd., all of which are companies organized English law.

5.      Soon after the Petition Date, the Debtors sought authority to use cash collateral and to obtain post petition financing.  SAF was not given notice of the Debtors' requests.  After an initial hearing, on June 3, 2016, the Court entered the Interim Order Under U.S.C. §§ 105, 361, 362,363(c), 364(c), 364(d), 364(e)  And 507 and Bankruptcy Rules 20002, 4001 and 9014 (I) Authorizing the Debtors To Obtain Post Petition Financing, (II) Authorizing the Debtors To Continue To Use Cash and/or Cash collateral, (III) Granting Adequate Protection To PrePetition Secured Parties and (IV) Granting Related Relief. [ECF#12].  The Santander Account was carved out the relief granted at the request of Sony Pictures, the distributor of Seeing Double.

6.      On May 16, 2016, the Debtors filed the DIP Motion.  The hearing on the DIP Motion was originally scheduled for June 2, 2016, 10:30 a.m. with objections due on May 26, 2016 at 4:00 p.m.  It was rescheduled for June 28, 2016 with objections due June 21, 2016.  SAF was not served with notice of the DIP Motion, the hearing date or the rescheduled hearing date. SAF is not listed on the creditor matrix.

7.      As more fully set forth in the accompanying Declaration of Carole Neville, SAF retained counsel on or about June 13, 2016 to address the Debtors' claims to the Santander

3

Account and the funds therein. Both sides have been reviewing the documents and the facts with respect to the Santander Account.

8. As soon as SAF learned that the DIP Loan was intended to include the Santander Account, SAF attempted to work with the Debtors to include a reservation of rights to obviate the need for this Court's intervention. However, to date SAF and the Debtors have not reached an agreement with all of the parties to the DIP Loan. As a result, SAF was compelled to file its limited objection to preserve its interests in the account.

9. SAF does not seek to prevent the Debtors from entering into the DIP loan. SAF only seeks to have the Santander Account carved out of the DIP collateral until the ownership interests are determined.

10. Due process under the United States Constitution and sections 363 and 364 of the Bankruptcy Code require "notice" and a "hearing," As explained by the United States Supreme Court, "[t]he purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978) (citation omitted).

11. SAF was inadvertently omitted from the creditor notices sent by the Debtors with respect to these cases. SAF, for its part, had no reason to expect that an account set up for its benefit 13 years ago by an English entity in a transaction governed by English law would be caught up debtor in possession financing in the bankruptcy cases in the Southern District of New York. Without the permission to be heard on its limited objection, SAF will be deprived of due process.

## CONCLUSION

WHEREFORE, for the above reasons, SAF requests that the Court authorize SAF's objection to be heard on June 28, 2016, and (3) grant to SAF all further relief that is just and proper.

Dated: New York, New York
June 26, 2016

                                              DENTONS US LLP

                                              By:   */s/Carole Neville*
                                              Carole Neville
                                              1221 Avenue of the Americas
                                              New York, New York 10020
                                              Telephone:  (212) 768-6700
                                              Telecopy:  (212) 768-6800
                                              Email:  carole.neville@dentons.com

                                              *Counsel for Santander Asset Finance PLC.*

DENTONS US LLP
Carole Neville
James Copeland
1221 Avenue of the Americas
New York, NY 10020
Telephone:     (212) 768-6700
Facsimile:      (212) 768-6800
Email: carole.neville@dentons.com
Email: james.copeland@dentons.com

*Counsel for Santander Asset Finance PLC*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AOG Entertainment, Inc., *et al.* | ) Case No. 16-11090 (SMB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF CAROLE NEVILLE WITH RESPECT TO MOTION FOR LEAVE TO HAVE THE LIMITED OBJECTION OF SANTANDER ASSET FINANCE PLC TO DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c), 364(d), 364(e) AND 507 AND FED. R. BANKR. P. 2002, 4001 AND 9014: (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING; (II) AUTHORIZING DEBTORS TO CONTINUE TO USE CASH AND/OR CASH COLLATERAL; (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES; AND (IV) GRANTING RELATED RELIEF [*DOC. #67*] FILED AFTER  OBJECTION DEADLINE HEARD ON JUNE 28, 2016**

I, Carole Neville, declare as follows:

1.      I am licensed o practice law in the State of New York and I am admitted to practice in United States District Court for the Southern District of New York and in this Court.  I a member of the law firm Dentons US LLP ("Dentons").

6

2. I am authorized to make this declaration in support of Motion For Leave To Have The Limited Objection Of Santander Asset Finance Plc To Debtors' Motion For An Order Under 11 U.S.C. §§ 105, 361, 362, 363(C), 364(C), 364(D), 364(E) And 507 And Fed. R. Bankr. P. 2002, 4001 And 9014: (I) Authorizing Debtors To Obtain Postpetition Financing; (Ii) Authorizing Debtors To Continue To Use Cash And/Or Cash Collateral; (Iii) Granting Adequate Protection To Prepetition Secured Parties; And (Iv) Granting Related Relief [*Doc. #67*] Filed After Objection Deadline Heard On June 28, 2016.

3. If called as a witness, I could and would testify to the following, from personal knowledge, except as otherwise indicated.

4. Dentons was retained on or about June 13, 2106 by Santander Asset Finance PLC ("SAF") to address a dispute with Double Vision Ltd ("Double Vision") with respect to a payment made to SAF from an account apparently held in Double Vision's name at Santander Bank. At that point, we began to parse through the documents of a transaction for the financing of film produced by Double Vision in 2003. The transaction is governed by English law, all of the parties to the agreement are organized under English law, and I am advised, the transaction was structured to take advantage of tax and financing benefits under English law for investors and producers of British films.

5. I agreed with Debtors' counsel to a brief standstill of action by either side until we trace the source of funds and determine the respective rights of Double Vision and SAF to the proceeds in the account.

6. Late last week I learned that the Santander Account had been carved out of the Interim Order authorizing the use of cash collateral and authorizing post petition financing to accommodate a claim of Sony Pictures to the account. We have been seeking the same protection for SAF. We have reached an agreement with the Debtors, but we do not yet have approval of all lender groups.

7.  We checked the docket, the service matrix and the affidavits of service with respect to the DIP Motion and other pleadings.  SAF was not listed.  SAF is listed on the Schedules filed late last week.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2016
New York, New York.

                                      DENTONS US LLP

                                      By:   */s/Carole Neville*
                                              Carole Neville

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 26, 2016, a true and correct copy of the foregoing Motion to Allow Limited Objection of Santander Asset Finance PLC. to Debtors' Motion for an Order Under 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c), 364(d), 364(e) and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014: (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing Debtors to Continue to Use Cash an d/Or Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured Parties; and (IV) Granting Related Relief to be heard on June 28, 2016, was served by e-mail upon the parties authorized to receive electronic notice in these cases pursuant to the Court's ECF filing system, including counsel to U.S. Bank, ad hoc group of lenders party to the First Lien Term Loan Agreement, Crestview Media Investors, L.P. , MediArena Holding B.V., AP NMT JVNewco B.V. , counsel  to the preferred shareholders, among others.

                                                                                 s/ *Carole Neville*
                                                                                  Carole Neville