Hearing Date: **July 26, 2016 at 10:00 a.m. (prevailing Eastern Time)**
Objection Deadline: **July 19, 2016 at 4:00 p.m. (prevailing Eastern Time)**

Matthew A. Feldman
Paul V. Shalhoub
Andrew S. Mordkoff
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Debtors and
Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
AOG Entertainment, Inc., et al.,[1]             :    Case No. 16-11090 (SMB)
                                                :
            Debtors.                            :    (Jointly Administered)
---------------------------------------------------------x

### NOTICE OF DEBTORS' OMNIBUS MOTION FOR ORDER AUTHORIZING DEBTORS TO ASSUME COLLECTIVE BARGAINING AGREEMENTS WITH THEIR UNIONS

**PLEASE TAKE NOTICE** that a hearing (the "**Hearing**") will be held before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on **July 26, 2016 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, in Courtroom 723, One Bowling Green, New York, New York 10004, to consider the annexed motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for an order authorizing the Debtors to assume their collective bargaining agreements with their unions.

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG. The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon: (a) AOG Entertainment, Inc., 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069 (Attn: Peter Hurwitz); (b) counsel for the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Matthew A. Feldman, Esq., Paul V. Shalhoub, Esq. and Andrew S. Mordkoff, Esq.); (c) proposed counsel to the Official Committee of Unsecured Creditors, Sheppard, Mullin, Richter & Hampton LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Craig Wolfe, Esq., Malani Cademartori, Esq. and Jason R. Alderson, Esq.); (d) counsel to the ad hoc group of lenders party to the Debtors' prepetition first lien secured credit agreement, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067-6049 (Attn: Lee R. Bogdanoff, Esq. and David A. Fidler, Esq.); (e) counsel to Crestview Media Investors, L.P., as lender under the Debtors' prepetition first and second lien secured credit agreements, Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (Attn: Eric Winston, Esq.); and (f) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard C. Morrissey, Esq.), so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on July 19, 2016** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are timely filed and received by the Objection Deadline, the relief requested in the Motion may be granted without further notice or a hearing.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated: July 12, 2016
       New York, New York

                        WILLKIE FARR & GALLAGHER LLP
                        *Counsel for the Debtors and*
                        *Debtors in Possession*

                        By: /s/ Matthew A. Feldman
                             Matthew A. Feldman
                             Paul V. Shalhoub
                             Andrew S. Mordkoff

                             787 Seventh Avenue
                             New York, New York 10019
                             Telephone: (212) 728-8000
                             Facsimile: (212) 728-8111

**Hearing Date: July 26, 2016 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: July 19, 2016 at 4:00 p.m. (prevailing Eastern Time)**

Matthew A. Feldman
Paul V. Shalhoub
Andrew S. Mordkoff
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Debtors and*
*Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                : Chapter 11
                                                      :
AOG Entertainment, Inc., et al.,[1]                   : Case No. 16-11090 (SMB)
                                                      :
                    Debtors.                          : (Jointly Administered)
---------------------------------------------------------------x

# DEBTORS' OMNIBUS MOTION FOR
# ORDER AUTHORIZING DEBTORS TO ASSUME
# COLLECTIVE BARGAINING AGREEMENTS WITH THEIR UNIONS

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing the Debtors to assume their collective bargaining agreements identified on Schedule 1 attached to the Proposed Order (the "**Agreements**") with the Directors

---

[1]    A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG. The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

Guild of America ("**DGA**"), the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO ("**IATSE**") and the Screen Actors Guild – American Federation of Television and Radio Artists ("**SAG-AFTRA**" and collectively, with DGA and IATSE, the "**Unions**" ).  In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is section 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006 and Local Bankruptcy Rule 6006-1.

## GENERAL BACKGROUND

**A. General Background.**

2. On April 28, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only.

3. On May 17, 2016, an official committee of unsecured creditors (the "**Committee**") was appointed in these cases.  As of the date hereof, no trustee or examiner has been appointed in any of the Debtors' cases.

4. The events leading up to the Petition Date are set forth in the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] (the "**First Day Declaration**"), which was filed on the Petition Date.

**B. The Agreements.**

5. As more fully described in the First Day Declaration, the Debtors' businesses focus on the production and commercial exploitation of various television programs, the most famous of which are the IDOLS shows, including American Idol, Superstar, Nouvelle Star and over fifty (50) other franchises around the world and So You Think You Can Dance ("**SYTYCD**"), which is principally produced in the United States but also has several formats around the world, as well as Sing It On, Caraoke Showdown and several other development projects (collectively with other programs produced by the Debtors, the "**Programs**").

6. In connection with the Programs, the Debtors have entered into various collective bargaining agreements with the Unions. Members of each of the Unions provide critical artistic services to the Debtors in connection with the Programs. Therefore, maintaining a peaceful and cooperative relationship with each of the Unions is crucial to the success of the Programs, and the Debtors' business overall.

7. As of the Petition Date, the Debtors' most important ongoing program is SYTYCD, currently in production for its thirteenth season, which began on May 30, 2016, and will include a number of live broadcasts. SYTYCD is produced by Debtor Dance Nation Productions, Inc. Much of the key talent on SYTYCD, including the directors, lighting and sound technicians, dancers, judges and other on-screen performers (the "**Talent**"), are members of the Unions, and thus, are subject to at least one of the Agreements. Ensuring peaceful and

productive relations with the Unions is therefore critical in order to maintain successful live broadcasts.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of the Proposed Order authorizing the Debtors to assume the Agreements, including authority to cure any amounts required to be cured to assume the Agreements.

## BASIS FOR RELIEF

9. The Debtors seek authority, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, to assume the Agreements.[2] Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As noted by the United States Court of Appeals for the Second Circuit, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 COLLIER ON BANKRUPTCY ¶ 365.01[1] (15th ed. 1993)).

10. The assumption of a contract by a debtor is subject to review under the business judgment standard. See In re Old Carco LLC, 470 B.R. 688, 703 (S.D.N.Y. 2012) (business judgment standard "applies when a Bankruptcy Court approves a debtor's assumption or rejection of a contract"); In re MF Global Holdings Ltd., 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012) (same). If a debtor's business judgment has been reasonably exercised, a court should

---

[2] While section 1113 of the Bankruptcy Code governs rejection of collective bargaining agreements, assumption of collective bargaining agreements is governed by section 365. See e.g. Massachusetts Air Conditioning & Heating Corp. v. McCoy, 196 B.R. 659, 663 (D. Mass. 1996).

- 4 -

approve the assumption or rejection of the executory contract or unexpired lease.  See, e.g., In re MF Global Holdings Ltd., 466 B.R. at 242; NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); Grp. of Institutional Investors v. Chicago M. St. P. & P.R.R. Co., 318 U.S. 523 (1943); In re Mkt. Square Inn, Inc., 978 F.2d 116, 121 (3d Cir. 1992) (holding that the "resolution of . . . assumption or rejection will be a matter of business judgment").

11. The business judgment rule shields a debtor's management from judicial second-guessing.  See In re Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he [Bankruptcy] Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").  Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'"  In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).  Indeed, in applying the "business judgment" standard, debtors are usually given significant discretion when requesting to assume or reject an executory contract or unexpired lease.  See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); In re Chipwich, Inc., 54 B.R. 427, 430-31 (Bankr. S.D.N.Y. 1985) (finding that a court should not interfere with a debtor's decision to assume or reject "absent a showing of bad faith or abuse of business discretion").  Further, the "business judgment" standard merely requires the debtors to establish that the requested assumption will benefit the estate.  See Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) (concluding that "the court must examine the contract and circumstances and apply its best

'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate").

12. The Debtors' decision both to assume the Agreements and to do so at this stage of their cases is an exercise of their sound business judgment. Given the nature of the Debtors' business, and the live nature of the Programs, including the upcoming episodes of SYTYCD, willing and enthusiastic participation by the show's Talent is of the utmost importance. Failure to act now will create unnecessary tension with their Talent and serve no purpose since the Debtors' obligations only arise to the extent they are producing programs or receiving revenue in connection with past Programs. Put differently, there are no obligations which would follow a subsequent alteration of the Debtors' businesses. Additionally, rejecting the Agreements would have detrimental ramifications in the Debtors' industry, and thus, preserving the option to reject the Agreements is of little value to the Debtors' estates. At this juncture of the chapter 11 cases, the Debtors believe that it is essential to send a strong signal to the Talent and other members of the Unions who do business with the Debtors that the Debtors intend to honor their obligations to the Unions now and in the future. Therefore, given the significant benefits to be garnered through assumption and the risks of rejection, the Debtors determined, in the exercise of their reasonable business judgment, that assuming the Agreements is in the best interests of the Debtors, their estates and all parties in interest.

13. Section 365(b) of the Bankruptcy Code provides, in pertinent part, that:

(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations

- 6 -

under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14. Accordingly, section 365 of the Bankruptcy Code authorizes the proposed assumption of the Agreements, provided that any defaults are cured and adequate assurance of future performance is provided. The Debtors' books and records reflect that the cure amount with respect to the Agreements will require payments of $386,000 (the "**Cure Amounts**") in the aggregate, as set forth in Schedule 1. The Cure Amounts consist entirely of prepetition amounts due to certain members of the Unions as residual payments for past seasons of SYTYCD. Such amounts are typically paid by the Debtors to a payroll and residual services provider, who then distributes the residuals to the individual members of the Unions.

15. Bankruptcy Rule 6006(e) provides, in pertinent part, that a debtor may not seek authority to assume multiple contracts in one motion unless, among other things, "the court otherwise authorizes the motion to be filed." Fed. R. Bankr. P. 6006(e). In the event a motion seeking assumption of multiple contracts is authorized, the Debtors are required to:

(1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

- 7 -

    (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

    (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    (6) be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

16. The Debtors request that the Court retroactively grant authorization in the proposed order for this Motion be filed as an omnibus motion pursuant to Bankruptcy Rule 6006(f). The Agreements are sufficiently similar in nature such that the Debtors believe an omnibus motion would be in the interests of judicial economy. Additionally, assuming the Agreements through a single motion avoids the possibility of confusion by members of the Unions.

## NOTICE

17. Notice of this Motion shall be given in accordance with this Court's Order: *(A) Establishing Certain Notice, Case Management, and Administrative Procedures and Omnibus Hearing Dates; (B) Authorizing the Debtors to Prepare a Consolidated List of Creditors in Lieu of Mailing Matrix; and (C) Authorizing Debtors to Establish Procedures for Notifying Creditors of Commencement of Cases*, dated as of May 27, 2016 [Docket No. 88], which, for the avoidance of doubt, includes the Unions. The Debtors submit that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to assume the Agreements, and granting such other relief as is just and proper.

Dated: July 12, 2016
      New York, New York

                              WILLKIE FARR & GALLAGHER LLP
                              *Counsel for the Debtors and*
                              *Debtors in Possession*

                By: /s/ Matthew A. Feldman
                    Matthew A. Feldman
                    Paul V. Shalhoub
                    Andrew S. Mordkoff

                    787 Seventh Avenue
                    New York, New York 10019
                    Telephone: (212) 728-8000
                    Facsimile: (212) 728-8111

# EXHIBIT A

**Proposed Order**

16-11090-smb    Doc 204    Filed 07/12/16    Entered 07/12/16 16:01:11    Main Document
Pg 13 of 17

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                              :      Chapter 11
                                                    :
AOG Entertainment, Inc., et al.,[1]                 :      Case No. 16-11090 (SMB)
                                                    :
                           Debtors.                 :      (Jointly Administered)
--------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS TO ASSUME
## COLLECTIVE BARGAINING AGREEMENTS WITH THEIR UNIONS

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order, pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing the Debtors to assume their collective bargaining agreements with their Unions, all as more fully set forth in the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district

---

[1]    A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG.  The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

[2]    Capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion is appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized to assume the agreements set forth on Schedule 1 attached hereto (the "**Agreements**"), effective immediately upon entry of this Order.

3. The Cure Amounts are approved.

4. The Unions, and any of their affiliates, are hereby barred and permanently enjoined from asserting against the Debtors any default, claim or liability existing, accrued and arising or relating to the Agreements for the period prior to entry of this Order.

5. The failure to describe specifically or include any particular provision of the Agreements, in the Motion or this Order, shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreements can only be assumed by the Debtors in their entirety.

6. The Agreements shall be solely for the benefit of the parties thereto and no other person or entity shall be a third party beneficiary thereof.  No entity shall have any right to seek or enforce specific performance of the Agreements, other than the parties thereto.

7. The Debtors reserve all rights with respect to the assumption or rejection of any agreements, other than the Agreements, entered into with the Unions, any individual members of the Unions or their affiliates.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. Any stay of this Order, otherwise required pursuant to Bankruptcy Rule 6004(h), is hereby waived and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry by the Court.

11. The Debtors' filing of the Motion as an omnibus motion is hereby authorized under Bankruptcy Rule 6006(e), retroactive to the date of the filing of the Motion.

12. This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: _____, 2016
       New York, New York

                                                                           _____
                                                                           THE HONORABLE STUART M. BERNSTEIN
                                                                           UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

### The Agreements

| Debtor Entity | Union[1] | Agreement | Cure Amount |
|---|---|---|---|
| Dance Nation Productions, Inc. | DGA | Letter of Adherence – One Project Only: Directors Guild of America, Inc. Freelance Live and Tape Television Agreement of 2014, dated June 25, 2014 | $290,000 |
| Dance Nation Productions, Inc. | IATSE | Agreement of Consent, dated October 4, 2005 | $0 |
| Dance Nation Productions, Inc. | SAG-AFTRA | Letter of Adherence: 2014-2018 SAG-AFTRA National Code of Fair Practice for Network Television Broadcasting Memorandum of Agreement, dated July 23, 2015 | $96,000 |
| Fresh Start Productions, LLC | SAG-AFTRA | Letter of Adherence: 2011-2014 SAG-AFTRA National Code of Fair Practice for Network Television Broadcasting Memorandum of Agreement, dated September 4, 2014 | $0 |
| Magma Productions, LLC | SAG-AFTRA | SAG-AFTRA 2011 New Media Agreement, dated June 25, 2013 | $0 |
| Magma Productions, LLC | SAG-AFTRA | Letter of Adherence: 2014-2018 SAG-AFTRA National Code of Fair Practice for Network Television Broadcasting Memorandum of Agreement, As Modified by the Basic Cable Agreement, dated February 18, 2016 | $0 |
| **Total** | | | **$386,000** |

---

[1] Capitalized terms used herein are defined in the Motion.