**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to Simon Robert Fuller*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AOG ENTERTAINMENT, INC., *et al.*,[1] | : | Case No. 16-11090 (SMB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

*EX PARTE* **MOTION FOR ORDER AUTHORIZING SIMON ROBERT FULLER TO (A) CONDUCT A 2004 EXAMINATION OF AOG ENTERTAINMENT, INC. AND ITS DEBTOR AND NON-DEBTOR AFFILIATES, AND (B) SEEK RELATED DOCUMENT PRODUCTION**

Simon Robert Fuller ("Fuller"), by and through his undersigned counsel, files this motion (the "Motion") seeking an order, substantially in the form attached hereto as Exhibit B (the "Order"), authorizing Fuller to conduct an examination of AOG Entertainment, Inc. and its debtor and non-debtor affiliates (the "Core Entities")[2] pursuant to Rule 2004 of the Federal Rules

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG. The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

[2] The "Core Entities" are: CORE Entertainment Holdings Inc.; CORE Entertainment Inc.; CORE Entertainment UK Limited; CORE Entertainment Offeror LLC; CORE Media Group Inc.; AOG Entertainment, Inc.; Focus Enterprises, Inc.; Sharp Entertainment Holdings, LLC; BP Production Services, LLC; Sharp Entertainment, LLC; Sharp Digital, LLC; CORE MG UK Holdings Limited; 19 Entertainment Limited; Native Management Limited; TLS Management Limited; Native Songs Limited; 19 Entertainment, Inc.; 19 Recording Services, Inc.; All Girl Productions; 19 Touring LLC; Dance Nation Productions, Inc.; Southside Productions, Inc.; On The Road Productions; IICD, LLC; 19 Recordings, Inc.; J2K Productions, Inc.; J2K Productions, Inc.; This Land Productions, Inc.; CTA Productions, Inc.; Master of Dance Productions Inc.; SYTYCD DVD Productions, Inc.; 19 Publishing Inc.; 19 TV Limited; 19 Merchandising Limited; 19 Management Ltd; Brilliant 19 Limited; 19 Productions Limited; Double Vision Film Limited; 19 Touring Limited; 19 Recordings Limited; 19 Fashionair Limited; 19 Entertainment Worldwide LLC; CORE Media Group Productions Inc.; CORE Group Productions Ltd.; 7th Floor Productions, LLC; Sunset View Productions, LLC; Gilded Entertainment, LLC; Alta Loma Entertainment, LLC; Clown Car Productions, LLC;

(continued…)

of Bankruptcy Procedure ("Rule 2004"), and requests that this Court enter the Order directing the Core Entities to appear through their designated representatives for examination and to produce documents related to the Prepetition Loans and UK Audit (as defined below), and respectfully states a follows:

## BACKGROUND

1.      Fuller is the largest unsecured creditor in these chapter 11 cases with a claim in excess of $10 million[3] against Debtor 19 Entertainment Limited ("19 Entertainment"). Fuller's claim arises from consulting services he provided to 19 Entertainment in connection with, *inter alia*, the "IDOL"-branded shows ("IDOLS") and "So You Think You Can Dance" ("SYTYCD").

2.      Fuller is a former director and chief executive officer of 19 Entertainment, and the creator of IDOLS and SYTYCD. In January 2010, Fuller left his director and officer positions and entered into a long-term creative services agreement with 19 Entertainment. Specifically, pursuant to that certain Consultancy Deed, dated January 13, 2010 (the "Consultancy Deed"), 19 Entertainment engaged Fuller to provide services, including executive producer services, with respect to the IDOLS and SYTYCD programs. In consideration for providing these services, Fuller was to receive, among other things, a profit share from IDOLS and SYTYCD for the life of the programs, so long as Fuller continued to provide consulting services for such programs.

---

Fresh Start Productions, LLC; Magma Productions, LLC; Pioneer Production Services LLC; B17 Entertainment, LLC; West Side Gear Company, LLC; Squadron Media, LLC; Copper Hill Entertainment, LLC; Halfire-CORE; Sonic Transformation, LLC (dba Rhythm and Cues); Big Red 2 Entertainment LLC (dba Nigel Lythgoe Productions); Liverpool Productions LLC; Little Acorn Productions LLC; Manchester Productions LLC; CORE G.O.A.T. Holding Corp; G.O.A.T. Blue Moon Parent, LLC; G.O.A.T. Blue Moon Holdings, LLC; EPE Holding Corporation; Elvis Blue Moon Parent, LLC; Elvis Blue Moon Holdings, LLC; and CORE Entertainment Cayman Limited.

[3] Fuller reserves all rights with respect to the amount, basis, and priority of his claim(s) against 19 Entertainment and any other Debtor.

2

3. The Debtors are party to two secured loan agreements, under which all of the Debtors are either borrowers or guarantors. The first is that certain First Lien Term Loan Agreement, dated December 9, 2011, pursuant to which certain lenders committed to lend up to $200 million bearing non-default interest at a rate of 9.0% (the "First Lien Loan"). The second is that certain Second Lien Term Loan Agreement, dated December 9, 2011, pursuant to which certain lenders committed to lend up to $160 million bearing interest at a non-default rate of 13.5% (together with the First Lien Loan, the "Prepetition Loans"). The Debtors assert that, as of the Petition Date, approximately $398 million is outstanding under the Prepetition Loans, and that such outstanding amounts are secured by first and second priority blanket liens on all of the Debtors' assets.

4. Upon information and belief, including Fuller's intimate knowledge of the Debtors' operations obtained during Fuller's employment with 19 Entertainment and during the more recent consultancy period, 19 Entertainment, which is obligated under the Prepetition Loans, received little, if any, benefit from the incurrence of such debt, let alone the reasonably equivalent value required by the Bankruptcy Code to insulate a transaction from avoidance as a constructive fraudulent transfer. *See, e.g.*, *Senior Transeastern Lenders v. Official Comm. of Unsecured Creditors (In re TOUSA, Inc.)*, 680 F.3d 1298 (11th Cir. 2012) (holding that subsidiaries' pledge of assets to secure loans made to their parent company were fraudulent where the subsidiaries did not receive reasonably equivalent value in exchange for the transfer, and were either insolvent, had unreasonably small capital, or were unable to pay their debts when the transfer occurred). Potential claims and causes of action may include, without limitation, actual and constructive fraudulent transfers and other avoidance actions, equitable subordination and disallowance, unjust enrichment, breach of fiduciary duty and aiding and abetting breach of fiduciary duty.

5. Additionally, in 2015, the Debtors underwent an audit in the United Kingdom (the "UK Audit"). Upon information and belief, the Debtors made certain material misstatements in connection with the UK Audit regarding the Debtors' solvency, which may impact fraudulent conveyance and other claims.

6. On April 28, 2016, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered. On May 17, 2016, the United States Trustee appointed three members to an Official Committee of Unsecured Creditors (the "Committee"). Despite Fuller's expressed interest in serving on the Committee, he was not selected as a Committee member.

## JURISDICTION

7. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The predicate for the relief requested in this Motion is Rule 2004.

## RELIEF REQUESTED

9. Fuller respectfully requests entry of the Order under Rule 2004 permitting Fuller to conduct an examination of the Core Entities and seek related document production in connection with the Prepetition Loans and the UK Audit. The first set of Fuller's Rule 2004 document requests is attached to this Motion as Exhibit A.

## BASIS FOR RELIEF REQUESTED

10. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) provides further that the scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's

4

estate, or to the debtor's right to a discharge." In addition, Rule 2004(c) provides that "the attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."

11. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *In re Almatis*, No. 10-12308, 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010); *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

12. Discovery under Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, No. 07-11862, 2009 WL 304672, at *5 (Bankr. E.D. La. Feb. 6, 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." *In re Almatis*, 2010 WL 4877868, at *3. Consequently, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997).

13. Courts consistently emphasize that the scope of a Rule 2004 examination is extremely broad, broader than discovery available under the Federal Rules of Civil Procedure, and can legitimately be in the nature of a "fishing expedition." *In re Washington Mut.*, 408 B.R. at 50 ("The scope of a Rule 2004 examination is unfettered and broad . . . [and] is commonly recognized as more in the nature of a 'fishing expedition.'" (internal citations omitted)); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'").

14. Here, the requested relief is well within the scope of Rule 2004 because it would permit Fuller to "determin[e] the nature and extent of the bankruptcy estate, reveal[] assets,

examin[e] transactions and assess[] whether wrongdoing has occurred." *In re Almatis*, 2010 WL 4877868, at *3. Specifically, the examination would permit Fuller to determine, *inter alia*, (a) the effect that the Prepetition Loans had on 19 Entertainment, and (b) the merits of potential causes of action arising from the Prepetition Loans and the UK Audit.

15. Given the expedited track of these chapter 11 cases,[4] it is absolutely critical that Fuller be permitted to conduct an immediate examination of the Debtors under Rule 2004 to obtain discovery of the facts with respect to the claims and causes of action related to 19 Entertainment, the Prepetition Loans, and the UK Audit.

16. The Debtors have refused to comply with Fuller's informal requests for copies of even the most basic documents needed to evaluate potential claims, including credit agreements and other documents related to the Prepetition Loans.

17. If the Debtors want to expedite their exit from these chapter 11 cases, then there must be a concomitant obligation of the Debtors to provide complete and expeditious access to documents and information necessary to evaluate claims and causes of action that may significantly impede the Debtors' ability to confirm a plan.

## **NOTICE**

18. Pursuant to this Court's individual rules, "[r]equests for 2004 orders may be submitted ex parte but the Court in its discretion may require notice and a hearing." Fuller has, nevertheless, provided courtesy copies of the Motion by email to the Debtors, the Official Committee of Unsecured Creditors, and the United States Trustee.

19. No prior motion for the relief sought herein has been made to this or any other court.

---

[4] On June 17, 2016, the Debtors filed their joint chapter 11 plan and disclosure statement. On July 26, 2016, the Court approved the Debtors' disclosure statement and scheduled a hearing on plan confirmation for September 22, 2016.

6

WHEREFORE, Fuller respectfully requests that this Court enter the Order granting the relief requested herein, and granting Fuller such other relief as this Court deems just and proper.

Dated: August 2, 2016
      New York, New York          MCDERMOTT WILL & EMERY LLP

/s/ Darren Azman
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to Simon Robert Fuller*