# McDermott Will & Emery

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Darren Azman
Attorney at Law
dazman@mwe.com
+1 212 547 5615

August 3, 2016

VIA ECF

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:   *In re AOG Entertainment, Inc., et al., No. 16-11090 (SMB) (the "Debtors")*

Dear Judge Bernstein:

We write as counsel to Simon Robert Fuller in the above-referenced case in response to the letter filed by the Debtors on August 3, 2016 [ECF No. 289] regarding Mr. Fuller's motion to conduct a 2004 examination. In their letter, the Debtors represent that the issues raised in Mr. Fuller's motion already have been considered by the Committee, and that the Debtors contemplate filing a revised chapter 11 plan that incorporates a "global compromise" reached between the Debtors, their lenders, and the Committee. The Debtors request leave of the Court to file an opposition to Mr. Fuller's motion by 5:00 pm on Monday, August 8, 2016.

Granting the Debtors' request would be prejudicial to Mr. Fuller for several reasons.

First, Mr. Fuller is not party to the "global compromise." In fact, the Debtors have not had a single conversation with Mr. Fuller regarding the "global compromise." It is hard to imagine how a global compromise could be reached when Mr. Fuller, the Debtors' largest unsecured creditor, has not been part of these discussions. Mr. Fuller has, however, had ongoing discussions with the Committee regarding a potential resolution of his claims. Recently, Mr. Fuller was led to believe that a "global compromise" may resolve his claims. In an effort to obtain the required discovery without this Court's intervention, Mr. Fuller delayed the filing of the 2004 Motion and sent a copy of it to the Debtors on June 9, 2016. The Debtors have refused to provide Mr. Fuller with the requested documents.

Second, Mr. Fuller, as a creditor, is entitled to investigate the claims described in the 2004 Motion, regardless of the Committee's views on these claims. Notably, Mr. Fuller does not believe the Committee has conducted a comprehensive investigation of these claims.

The Honorable Stuart M. Bernstein
August 3, 2016
Page 2

Third, the Debtors' request appears to be an attempt to impede and delay Mr. Fuller's investigation of claims, while trying to expedite the plan process. Most notably, the challenge period expires on August 27, 2016. Granting the Debtors' request would leave Mr. Fuller little time to meaningfully review information and documents obtained from the Debtors. The Debtors should not be permitted to impede and delay an investigation of claims while at the same time pursue an expeditious exit from these chapter 11 cases. Mr. Fuller respectfully submits that he is entitled to investigate these claims and should be permitted to do so in a reasonable period of time.

If Your Honor is inclined to permit the Debtors to file a reply to the 2004 Motion, Mr. Fuller respectfully requests that the Court set a deadline to do so and schedule a hearing on the 2004 Motion on or prior to August 5, 2016, or at the Court's earliest convenience.

Alternatively, Mr. Fuller requests that the Court extend the challenge period consistent with the additional time sought by the Debtors to file a reply and the time necessary to conduct a hearing and adjudicate the 2004 Motion.

We thank Your Honor for your attention to these issues and stand ready to discuss further if Your Honor has any questions.

Sincerely,

/s/ Darren Azman
Darren Azman

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue New York New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444    www.mwe.com**